IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION

IKECHUKWU OKORIE,

Plaintiff,

v.

UNIVERSITY MALL, L.L.C.,
MICHAEL BARBEE,
GRIFFITH BARBEE PLLC,
JOSEPH R. TULLOS, and
JACKSON, TULLOS & ROGERS, PLLC,

Defendants.

Case No. __4:25cv817__
JORDAN/DURRETT

**COMPLAINT FOR VIOLATION OF AUTOMATIC STAY, WRONGFUL GARNISHMENT, CONVERSION, TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS, UNJUST ENRICHMENT AND MONEY HAD AND RECEIVED, REPLEVIN, ABUSE OF PROCESS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, FDCPA VIOLATIONS, AND CIVIL CONSPIRACY**

Plaintiff Ikechukwu Okorie, appearing pro se, files this Complaint against Defendants University Mall, L.L.C., Michael Barbee, Griffith Barbee PLLC, Joseph R. Tullos, and Jackson, Tullos & Rogers, PLLC, alleging coordinated unlawful efforts to enforce a foreign judgment without proper domestication, in violation of state and federal laws, causing substantial harm including disruption to patient care for underserved Medicare/Medicaid patients. Plaintiff states as follows:

**I. NATURE OF THE ACTION**

1. This action arises from Defendants' willful and unlawful attempts to enforce a Mississippi federal judgment in Texas without domesticating it under Texas law, violating due process, bankruptcy protections, and debt collection statutes.

2. On December 17, 2024, while Inland Family Practice Center, LLC (Plaintiff's medical clinic serving low-income Medicare/Medicaid-dependent patients) was under Chapter 11 bankruptcy protection (Bankr. S.D. Miss. Case No. 19-50020-KMS, active until dismissal on January 7, 2025), U.S. Marshals—directed by University Mall, L.L.C.—seized over $294,000 in clinic assets, including medical equipment, computers, furnishings, and patient-care devices essential for ongoing medical services.

3. This seizure violated the automatic stay under 11 U.S.C. § 362(a)(3), which prohibits acts to obtain possession of estate property during bankruptcy, directly interfering with patient care and clinic operations.

4. On July 21, 2025, Defendants served garnishment writs on Plaintiff's Texas bank accounts at Cadence Bank, Regions Bank, and Bank of America, without first filing an authenticated copy of the judgment in a Texas court as required by Tex. Civ. Prac. & Rem. Code § 35.003.

5. The garnishments were executed without proper notice to Plaintiff, contravening Tex. Civ. Prac. & Rem. Code §§ 63.003–63.004, Tex. R. Civ. P. 663a, and Miss. Code Ann. § 11-35-23.

6. The garnished funds included exempt Medicare/Medicaid receivables protected from assignment or attachment under 42 U.S.C. § 1395g(c), 42 U.S.C. § 1396a(a)(32), and Tex. Prop. Code § 42.001.

7. Defendants' actions were intentional, malicious, and in bad faith, aimed at disrupting Plaintiff's medical practice, coercing payment of a disputed debt, and retaliating against Plaintiff's pursuit of legal remedies, resulting in irreparable harm to patient care for vulnerable populations.

8. Defendant Michael Barbee and Griffith Barbee PLLC represented University Mall in initiating the Texas garnishments, knowing they lacked authority without domestication.

9. Defendant Joseph R. Tullos and Jackson, Tullos & Rogers, PLLC obtained the original Mississippi judgment (U.S. Dist. Ct. S.D. Miss. Case No. 2:24-cv-91) and coordinated cross-state enforcement with Barbee.

10. These actions have inflicted severe harm, including financial losses, reputational damage, interference with patient care, and emotional distress.

11. Plaintiff seeks declaratory and injunctive relief, restitution of seized assets and funds, compensatory and punitive damages, and statutory remedies.

## II. PARTIES

12. Plaintiff Ikechukwu Okorie is an individual with address at 4500 Hillcrest Rd. ste 185, Frisco, Texas 75035, a licensed physician practicing family medicine, and founder/operator of Inland Family Practice Center, LLC, which served underserved Medicare/Medicaid patients in Hattiesburg, Mississippi.

13. Defendant University Mall, L.L.C. is a Mississippi limited liability company with its principal place of business at 140 Mayfair Rd, Suite 700, Hattiesburg, MS 39402, amenable to service via its registered agent or counsel.

14. Defendant Michael Barbee is a Texas-licensed attorney and principal at Griffith Barbee PLLC, located at 1722 Routh Street, Suite 910, Dallas, TX 75201, amenable to service at that address or via email at Michael.Barbee@griffithbarbee.com.

15. Defendant Griffith Barbee PLLC is a Texas professional limited liability company at 1722 Routh Street, Suite 910, Dallas, TX 75201, amenable to service via its registered agent or Barbee.

16. Defendant Joseph R. Tullos is a Mississippi-licensed attorney and partner at Jackson, Tullos & Rogers, PLLC, who represented University Mall in the Mississippi litigation (Case No. 2:24-cv-91), amenable to service at 309 South 40th Avenue, Hattiesburg, MS 39402 or via email at jtullos@jacksonfirm.com.

17. Defendant Jackson, Tullos & Rogers, PLLC is a Mississippi professional limited liability company at the above address, amenable to service via its registered agent or Tullos.

### III. JURISDICTION AND VENUE

18. This Court has federal question jurisdiction under 28 U.S.C. § 1331 for claims arising under the Bankruptcy Code (11 U.S.C. § 362) and Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.).

19. The Court has related-to jurisdiction under 28 U.S.C. § 1334(b) concerning the bankruptcy proceedings.

20. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for state-law claims forming part of the same case or controversy.

21. Venue is proper under 28 U.S.C. § 1391(b) as Plaintiff resides in this district, and substantial events (e.g., garnishment of Texas accounts) occurred here.

## IV. FACTUAL BACKGROUND

22. In 2024, a disputed judgment was entered against Plaintiff in U.S. Dist. Ct. S.D. Miss. Case No. 2:24-cv-91.

23. At the time of the December 17, 2024 seizure, Inland Family Practice Center, LLC was protected by an active Chapter 11 automatic stay (Case No. 19-50020-KMS), and Plaintiff had received a discharge in his personal Chapter 7 bankruptcy (Case No. 19-50379-KMS).

24. Despite these protections, University Mall—advised by Tullos and his firm—directed the seizure of clinic assets valued over $294,000, directly impacting patient care by removing essential medical equipment and records.

25. On July 21, 2025, University Mall—through Barbee and Griffith Barbee PLLC—filed garnishments in Texas targeting Plaintiff's accounts, without domestication under Tex. Civ. Prac. & Rem. Code § 35.003 or notice under Tex. R. Civ. P. 663a.

26. The garnished funds included exempt Medicare/Medicaid receivables under federal anti-assignment provisions (42 U.S.C. §§ 1395g(c), 1396a(a)(32)) and Tex. Prop. Code § 42.001.

27. Despite Plaintiff's demands and proof of exemptions, and further correspondence including an email from Defendant Tullos on July 25, 2025, confirming no sales of seized property have occurred but refusing to release assets or garnishments without authority, Defendants have refused to release funds or assets.

28. These actions disrupted clinic operations, patient care for Medicare/Medicaid-dependent individuals, and Plaintiff's finances, causing ongoing harm.

## V. CAUSES OF ACTION

**Count I: Violation of Automatic Stay (11 U.S.C. § 362(a)) (All Defendants)**

29. Plaintiff incorporates the preceding paragraphs. The seizure and garnishments violated the stay under 11 U.S.C. § 362(a)(3). Elements: (1) willful act to obtain estate property; (2) knowledge of the stay; (3) injury. Defendants knew of the bankruptcy but proceeded, entitling Plaintiff to actual damages (including costs and fees), and punitive damages for willful violation under 11 U.S.C. § 362(k).

**Count II: Wrongful Garnishment (All Defendants)**

30. Plaintiff incorporates the preceding paragraphs. Defendants failed to domesticate the judgment under Tex. Civ. Prac. & Rem. Code § 35.003 and provide notice under Tex. Civ. Prac. & Rem. Code §§ 63.003–63.004 and Tex. R. Civ. P. 663a. Elements: (1) garnishment without valid enforceable judgment; (2) improper process; (3) resulting harm. Actions froze exempt funds, causing financial losses.

**Count III: Conversion (University Mall, L.L.C.)**

31. Plaintiff incorporates the preceding paragraphs. University Mall unlawfully exercised dominion over Plaintiff's property. Elements: (1) Plaintiff owned/possessed the property; (2) Defendant unlawfully assumed control; (3) Defendant refused return; (4) damages. The seizure deprived Plaintiff of assets worth $294,000.

**Count IV: Tortious Interference with Business Relations (All Defendants)**

32. Plaintiff incorporates the preceding paragraphs. Defendants disrupted Plaintiff's contracts with patients and providers. Elements: (1) existing relations; (2) willful interference; (3) proximate cause; (4) damages. Garnishments and seizure impaired operations and relationships, harming patient care.

**Count V: Unjust Enrichment and Money Had and Received (University Mall, L.L.C.)**

33. Plaintiff incorporates the preceding paragraphs. University Mall retained benefits unjustly and holds funds/assets belonging to Plaintiff in equity. Elements (Unjust Enrichment): (1) benefit conferred; (2) Defendant's knowledge; (3) inequitable retention. Elements (Money Had and Received): (1) Defendant holds money/property; (2) it belongs to Plaintiff. Equity demands restitution of seized assets.

**Count VI: Replevin (University Mall, L.L.C.)**

34. Plaintiff incorporates the preceding paragraphs. Plaintiff seeks return of specific seized items. Elements: (1) wrongful detention; (2) demand for return; (3) refusal. Court should order replevin.

**Count VII: Abuse of Process (All Defendants)**

35. Plaintiff incorporates the preceding paragraphs. Defendants misused legal process for improper purposes. Elements: (1) ulterior motive; (2) willful improper act; (3) damages. Actions aimed at harassment and coercion.

**Count VIII: Intentional Infliction of Emotional Distress (All Defendants)**

36. Plaintiff incorporates the preceding paragraphs. Defendants' outrageous conduct—seizing clinic assets during bankruptcy, garnishing exempt funds without notice or domestication, and ignoring demands despite knowledge of violations—caused severe distress. Elements: (1) intentional/reckless act; (2) extreme/outrageous (beyond all bounds of decency, atrocious, and intolerable); (3) causation; (4) severe distress (requiring medical treatment). Violations inflicted emotional harm.

**Count IX: FDCPA Violations (Barbee and Griffith Barbee PLLC)**

37. Plaintiff incorporates the preceding paragraphs. As debt collectors, Defendants used false representations (15 U.S.C. § 1692e) and unfair practices (15 U.S.C. § 1692f) by enforcing without domestication and failing to provide notices.

**Count X: Civil Conspiracy (All Defendants)**

38. Plaintiff incorporates the preceding paragraphs. Defendants conspired to commit unlawful acts. Elements: (1) combination of two or more; (2) meeting of minds; (3) unlawful act/overt act; (4) damages. Coordination caused harm.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests:

    A. Declaratory judgment that the garnishments and seizure were unlawful and violated the automatic stay;

    B. Preliminary and permanent injunctions against further enforcement without domestication and requiring release of funds/assets;

    C. Order quashing garnishments and directing return of funds/property;

    D. Compensatory damages of at least $5,000,000 for financial losses, business interruption, and emotional distress;

    E. Punitive damages of $5,000,000 for willful and malicious misconduct;

    F. Statutory damages, attorneys' fees, and costs under 11 U.S.C. § 362(k) and 15 U.S.C. § 1692k;

    G. Other just relief.

## VII. JURY DEMAND

Plaintiff demands a jury trial.

Respectfully submitted, Dated: July 27, 2025

_____
Ikechukwu Okorie, Pro Se
4500 Hillcrest Road, Suite 185
Frisco, TX 75035
Email: iykeh@aol.com
Phone: 305-479-7945

**ATTACHMENTS:**

- Exhibit A: Inventory of Seized Assets
- Exhibit B: S.D. Miss. Accounting Order (Doc. 254)
- Exhibit C: Replacement Cost Documentation ($25,000–$30,000)
- Exhibit D: Bankruptcy Docket Entries (Stay in Effect)
- Exhibit E: Defendants' Texas Nonsuit
- Exhibit F: Email from Joseph R. Tullos dated July 25, 2025

## CERTIFICATE OF SERVICE

I certify that on July 27, 2025, I served this Complaint via First-Class U.S. Mail (postage prepaid) and email on:

- Joseph R. Tullos (for University Mall, L.L.C.) at jtullos@jacksonfirm.com and 309 South 40th Avenue, Hattiesburg, MS 39402;

- Michael Barbee (for himself and Griffith Barbee PLLC) at Michael.Barbee@griffithbarbee.com and 1722 Routh Street, Suite 910, Dallas, TX 75201.

Registered agents will be served per Fed. R. Civ. P. 4.

_____
Ikechukwu Okorie, Pro Se
4500 Hillcrest Road, Suite 185
Frisco, TX 75035
Email: iykeh@aol.com
Phone: 305-479-7945